IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

01 MAY -1  PM 1: 34

STEPHEN BUTLER and
MARY BUTLER, as Parents and
Next Friend of JOSHUA BUTLER,
a Minor

          Plaintiffs,

vs.                                                CIV NO. 01-0466  MV

RIO RANCHO PUBLIC SCHOOL DISTRICT, ET AL.,

          Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Application for a Temporary Restraining Order or Preliminary Injunction, filed April 27, 2001 **[Doc. No. 2]**. The Court, having reviewed the moving papers, finds that the motion is not well-taken and will be **DENIED**, as explained below.

### BACKGROUND

Plaintiffs Stephen and Mary Butler filed this action alleging that Defendants violated the constitutional right of their son, Joshua, not to be deprived of liberty or property without due process of law. They also allege that Defendants violated Joshua's constitutional right to be free from unreasonable searches.

Plaintiffs filed a motion for a Temporary Restraining Order or a Preliminary Injunction, seeking an order directing Defendants either to immediately reinstate Joshua at Rio Rancho High



School or to immediately authorize Joshua's enrollment in a community education program known as Nova Net. In either case, Plaintiffs request that Defendants be ordered to permit Joshua to participate in graduation-related activities at Rio Rancho High School, including the commencement ceremony, notwithstanding the fact that Joshua has been suspended from Rio Rancho High School for a period of one year.

## STANDARD

A district court may grant a temporary restraining order or a preliminary injunction if the moving party shows: "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm in the absence of the injunction; (3) proof that the threatened harm outweighs any damage the injunction may cause to the party opposing it; and (4) that the injunction, if issued, will not be adverse to the public interest." *Kansas Health Care Ass'n, Inc. v. Kansas Dep't of Social & Rehabilitation Servs.*, 31 F.3d 1536, 1542-43 (10th Cir. 1994) (*citing Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1487 (10th Cir. 1983)).

## DISCUSSION

The Court held a hearing on this matter on April 30, 2001. At that hearing, it became apparent that Defendants were willing to authorize Joshua's enrollment in the Nova Net program. Furthermore, all parties agreed that if Joshua were enrolled in the program immediately, and if he worked hard to complete his graduation requirements, he could do so in time to receive his diploma along with the rest of his graduating class. Finally, the Court was informed by Mr. Eddie Soto, Principal of the Continuation School, which operates the Nova Net program, that Joshua

could be enrolled in the Nova Net program as early as the morning of May 1, 2001. Accordingly, to the extent that Plaintiffs seek an order directing Defendants to authorize Joshua's enrollment in the Nova Net program, the motion will be denied as unnecessary.[1]

The Court finds that Joshua's inability to participate in graduation-related activities, including the commencement ceremony, does not constitute irreparable harm. Rio Rancho High School has determined that Joshua brought a gun to school and has suspended him for a period of one year in accordance with its Zero Tolerance Policy. Even if Plaintiffs ultimately succeed on their claim that this suspension violates Joshua's constitutional right not to be deprived of his liberty and property without due process of law, the Court is not persuaded that it should interfere in the school's administration of its disciplinary policies at this time.

If Defendants were interfering with Joshua's ability to complete his graduation requirements or to receive his high school diploma, Plaintiffs' argument that Joshua is suffering an irreparable harm would be more persuasive. Not being permitted to attend graduation exercises, however, is simply not a severe enough injury to justify imposition of a Temporary Restraining Order. The Court finds that Plaintiffs have not demonstrated that they have a "clear and unequivocal" right to have Joshua immediately reinstated at Rio Rancho High School. *See Kansas Health Care*, 31 F.3d at 1543 (citing *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)). Therefore, to the extent that Plaintiffs seek immediate reinstatement, the motion for a Temporary Restraining Order or Preliminary Injunction will be denied.

---

[1] The Court assumes that Joshua will, in fact, be permitted to enroll in the Nova Net program on May 1, 2001. If Joshua is not so enrolled, the Court will reconsider Plaintiffs' request for relief.

3

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' request for a Temporary Restraining Order or Preliminary Injunction **[Doc. 2]** is hereby **DENIED**.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　MARTHA VAZQUEZ
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Plaintiffs' Attorney
　　Joan Waters

Defendant's Attorney
　　Charlotte Heatherington

4