# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

01 NOV 29 AM 11: 26

STEPHEN BUTLER, and
MARY BUTLER, as Parents and
Next Friend of JOSHUA BUTLER,
a Minor

        Plaintiffs,

vs.                               CIV NO. 01- 0466 M/WWD

RIO RANCHO PUBLIC SCHOOL DISTRICT,
a local public governing body of the State of
New Mexico, RIO RANCHO PUBLIC SCHOOL
BOARD OF EDUCATION, a local public governing
body of the State of New Mexico,
SUE CLEVELAND, an individual,
GARY TRIPP, an individual,
SALLY MARQUEZ, an individual,
GERARD HYATT, in his individual and official
capacity, GEORGE DOE, in his individual and
official capacity, EDDIE SOTO, an individual,
CITY OF RIO RANCHO, a local public
governing body of the State of New Mexico,
OFFICER RUSS APGAR, in his individual and
official capacity, CITY OF ALBUQUERQUE,
a local public governing body of the State of New Mexico
and BRIAN FITZPATRICK, an individual.

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before me on three outstanding motions, a Motion for

1



Attorneys' Fees by the Plaintiffs filed June 29, 2001 [Doc. No. 36], a Motion for a Clarification of Orders and Correction of the Record by Defendant Eduardo Soto filed June 27, 2001 [Doc. No. 33], and a Motion to Dismiss Plaintiffs' Amended Complaint on the Basis of Qualified Immunity by Defendant Eduardo Soto filed August 13, 2001 [Doc. No. 47]. I have reviewed the motions, responses and replies of counsel and find: 1) that Plaintiffs' Motion for Attorneys' Fees shall be taken under advisement pending the outcome of the appeal of the Preliminary Injunction to the Court of Appeals, 2) that Defendant Eduardo Soto's Motion to Clarify Orders and Correct Record is granted in part to those portions of the record to which Plaintiffs have no objection in their Response [Doc. No. 42], and 3) that Defendant Eduardo Soto's Motion to Dismiss Plaintiffs' Amended Complaint on the basis of qualified immunity is granted.

## BACKGROUND

Plaintiffs Stephen and Mary Butler filed this civil rights action under 42 U.S.C. §§ 1983 and 1985 alleging that various Defendants had violated the constitutional rights of their son Joshua. This case was originally assigned to Judge Vázquez who held two hearings on the Motion for Preliminary Injunction in April and May 2001. At the conclusion of the second hearing, Judge Vázquez granted Plaintiffs' request for a Preliminary Injunction allowing their son Joshua Butler to attend Rio Rancho High School, graduate and participate in graduation related activities. According to statements made in the pleadings before me, Joshua has successfully completed his senior year at Rio Rancho High School and has graduated.

In the meantime, Defendants Rio Rancho Public School District, Rio Rancho Public School Board of Education, Sue Cleveland, Gary Tripp, Sally Marquez, Gerard Hyatt and

2

George Doe, in their individual and official capacities (hereinafter the Rio Rancho Defendants) have appealed the Order granting the Preliminary Injunction to the United States Court of Appeals for the Tenth Circuit [Doc. No. 24]. The Preliminary Injunction did not affect the remaining defendants named in the Amended Complaint - Eddie (sic) Soto, the City of Rio Rancho, Officer Russ Apgar, the City of Albuquerque and Brian Fitzpatrick, and they did not join in the appeal.

## JURISDICTION

There has been some discussion among the parties as to the continued jurisdiction of the district court to rule upon these motions as well as other matters that may come before me while the Preliminary Injunction is being appealed to the Court of Appeals. "An appeal from the grant or denial of preliminary injunction does not divest the trial court of jurisdiction or prevent it from taking other steps in the litigation while the appeal is pending." 11 A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2962 (2d ed. 1995). The trial court may continue to decide other issues in the case, including proceeding with an action on the merits. *Moltan Company v. Eagle-Picher Industries, Inc.*, 55 F.3d 1171, 1174 (6th Cir. 1995). The motions before me, as well as the motions which have recently been filed, do not touch upon the issues addressed by the Preliminary Injunction or the legal reasoning that supported the granting of the Preliminary Injunction. Nor do the motions involve the Rio Rancho Defendants who have appealed the granting of the Preliminary Injunction to the Court of Appeals. Since these motions involve other issues and separate defendants I have determined that this court has continuing jurisdiction to rule upon these motions.

## PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

Plaintiffs have moved for an order against the Defendants Rio Rancho Public School District and the Rio Rancho Board of Education to reimburse them for their attorneys' fees incurred in obtaining the Preliminary Injunction on the grounds that they are the prevailing party in this matter. " In any action or proceeding" brought under 42 U.S. C. § 1983, "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee ..." 42 U.S.C. §1988.

This court granted the Plaintiffs their requested relief by enjoining the Rio Rancho Public School authorities from enforcing the year long suspension against Joshua Butler and allowing him to complete high school and graduate with his class. At that point, the Plaintiffs were the prevailing parties having obtained the relief they sought. *Dahlem v. Board of Educ.*, 901 F.2d 1508 (10th Cir. 1990). However, the Rio Rancho Defendants have appealed the Preliminary Injunction to the Court of Appeals. As such, the award of attorneys fees would be premature at this time.

As one commentary explains, the lower courts agree that when a party's judgment in its favor is reversed on appeal, the party ceases to be a prevailing party. " The same is generally true when the plaintiff is granted injunctive relief based on a likelihood of prevailing on the merits but ultimately loses on the merits. However, all circuits that have considered the question have held that the plaintiff is a prevailing party when it obtains a preliminary injunction based on its probability of success and the case becomes moot before a final judgment." Alan Hirsch & Diane Sheehey, *Awarding Attorneys' Fees and Managing Fee Litigation*, 8 ( Federal Judicial Center 1994), citing *Dahlem v. Board of Educ., supra.*

4

The appeal in this case will be resolved shortly - either dismissed as moot because Joshua has already graduated, affirmed or reversed on the merits. When the pending appeal has been resolved, I will determine if the Plaintiffs are still the prevailing parties and will, in my discretion, consider an award of attorneys' fees. Until then, the motion is taken under advisement.

## EFENDANT EDUARDO SOTO'S MOTION TO CLARIFY ORDERS AND CORRECT RECORD

Defendant Eduardo Soto filed a motion to clarify the District Court's Memorandum Opinion and Orders entered on May 1, 2001 [Doc. No. 10] and May 10, 2001 [Doc. No. 14]. The Order entered of record on May 10, 2001 granted the Plaintiff's request for a Preliminary Injunction but did not grant any relief against the Defendant Eduardo Soto. Defendant Soto has not joined the appeal of the Rio Rancho Defendants to the Court of Appeals.

The Plaintiffs responded that they had no objection to various requested clarifications of the May 10, 2001 Order. At the time the Order granting the Preliminary Injunction was entered neither the Court nor counsel had received the opportunity to review the written transcript of the hearings held on April 30 and May 9, 2001. Upon review of the transcript, Plaintiffs' counsel had no objection to some minor clarifications to the Order mentioned above. Therefore, for purposes of clarification only, the Memorandum Opinion and Order of this Court filed May 10, 2001 [Doc. No. 14] shall be clarified by adding:

1) Mr. Eduardo Soto was never sworn as a witness a the April 30, 2001 hearing. [Doc. No. 14, page 6]

5

2) The statement reading "when asked by Plaintiff's counsel whether Nova Net and Continuation School are the same thing, Mr. Soto stated that they are" is changed to read "Plaintiff's counsel advised the Court that prior the hearing when asked by Plaintiff's counsel whether Nova Net and Continuation School are the same thing, Mr. Soto stated that they are." [Doc. No. 14, p. 6]

3) Defendant Eduardo Soto never testified specifically at the April 30, 2001 hearing that Joshua Butler would be enrolled in the Nova Net program. [Doc. No. 14, p. 6], and

4) that the Court's statement that "Joshua is attending classes at the Bernalillo County Juvenile Detention Center, with children who are being detained there." is modified to read "Joshua is attending classes at the Bernalillo County Juvenile Detention Center." [Doc. No. 14, p. 6]

The remainder of Defendant Eduardo Soto's Motion to Clarify Orders and Correct Record is denied as unnecessary in light of my decision to grant to his Motion to Dismiss the Plaintiffs' Amended Complaint on the Basis of Qualified Immunity.

## **DEFENDANT EDUARDO SOTO'S MOTION TO DISMISS ON THE BASIS OF QUALIFIED IMMUNITY**

Defendant Eduardo Soto has moved to dismiss the Plaintiffs' Amended Complaint against him on the basis of his qualified immunity. Originally the Plaintiffs brought six claims against Mr. Soto: Count I for injunctive relief, Count VI for a violation of procedural due process. Count XI for a violation of substantive due process, Count XII for retaliation, Count XV for conspiracy and Count XVIII for punitive damages. Count I was voluntarily dismissed as

against Mr. Soto at the hearing held on May 9, 2001. Count XVIII was dismissed by an Order stipulated by the parties and entered of record November 13, 2001 [Doc. No. 63]. The Plaintiffs, in their Response to Mr. Soto's Motion, fail to address the claims brought under 42 U.S.C. § 1985 in the Amended Complaint alleging a violation of constitutionally protected rights motivated by racial or other class-based discriminatory animus and are therefore deemed withdrawn (Count XV). In addition, Plaintiffs have clarified that the substantive due process claims alleged in the Amended Complaint in Count XI was directed against Defendant Soto to the extent that Joshua Butler was deprived of his "property right to a free public education" and not his liberty interest.

## STANDARD OF REVIEW

Qualified immunity is an affirmative defense designed to shield government officials who perform discretionary functions from individual liability under 42 U.S.C. §1983 unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), *Baptiste v. J. C. Penney Co.*, 147 F.3d 1252, 1255 (10th Cir.1998). Once the defense of qualified immunity is raised the plaintiff must establish first, that his statutory or constitutional rights were violated and secondly, that the contours of that right were sufficiently clear "that a reasonable official would understand that what he is doing violated that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

The threshold question is whether, construing the facts alleged in the Amended Complaint in the light most favorable to the plaintiffs, a constitutional or statutory right was

violated by the actions of the defendant. "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, ___ U.S. ___, 121 S. Ct. 2151, 2156 (2001). *Gross v. Pirtle*, ___ F.3d ___, 2001 WL 341108 (10th Cir. 2001)

Defendant Soto has brought this motion as a Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In considering a 12(b)(6) motion the court must assume as true all well-pleaded facts and must draw all reasonable inferences in favor of the plaintiffs. *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991).

## MOTION TO DISMISS DEFENDANT EDUARDO SOTO UNDER THE AFFIRMATIVE DEFENSE OF QUALIFIED IMMUNITY IS GRANTED

When viewing the Amended Complaint in the light most favorable to the Plaintiffs I find that the Plaintiffs have failed to establish that the Defendant Soto deprived their son Joshua of a statutory or constitutional right. Therefore, having pled the affirmative defense of qualified immunity, the Defendant Soto is entitled to have the Amended Complaint dismissed as against him for failure to state a claim upon which relief can be granted.

## DISCUSSION

Mr. Soto's alleged actions in this case did not arise until Joshua Butler had been suspended for one year from Rio Rancho High School for bringing a handgun and a knife onto School grounds in his brother's car. The Rio Rancho hearing officer failed to find that Joshua

knowingly brought the handgun and knife onto school grounds. It was this lack of knowledge on the part of Joshua of the existence of the either the handgun or the knife in his brother's car that led Judge Vázquez to grant the Preliminary Injunction against the Rio Rancho Defendants and order that Joshua's suspension from Rio Rancho High School be lifted.

Eduardo Soto is the principal of an Albuquerque Public School (APS) program called the Continuation School. The Continuation School is an alternative school with several sites throughout the Bernalillo County or APS area. The school is designed in part to allow suspended high school students to continue their education in an alternative setting away from their home school. At one of the sites operated by the Continuation School, Cesar Chavez Community Center, APS provides some of the curriculum through a computer based program called Nova Net. Brian Fitzpatrick, another named Defendant, is a teacher at the Continuation School at the Cesar Chavez Community Center.

After Joshua was suspended for one year from Rio Rancho High School, the Plaintiff Mary Butler began contacting schools in the greater Albuquerque area looking for a way for Joshua to continue his education. She was told by Mr. Soto that he could not help her unless Joshua transferred to Bernalillo County since the Butlers were residents of Sandoval County. The Butlers subsequently got their son's supervision under the Community Custody program, a juvenile justice program, transferred to Bernalillo County.

In early March, Mary Butler, Joshua and his Bernalillo County Community Custody Officer Yolanda Hall met with Defendant Fitzpatrick who explained the Nova Net program to them. [Amended Complaint, Doc. No. 13 ¶ 142] Mr. Fitzpatrick told the Butlers that he would have to clear Joshua's schedule with Mr. Soto. On March 16, 2001, Mr. Fitzpatrick told Mary

Butler that "we are ready to go" and that he would be meeting with Mr. Soto him on March 19, 2001. [*Id.* ¶ 146] The following day, March 20, Mr. Fitzpatrick advised the Butlers that Joshua would not be put into the Nova Net program. [*Id.* ¶ 147] Joshua was never enrolled in the Nova Net program at the Cesar Chavez Community Center. However, on May 1, 2001, immediately after the first hearing on the Preliminary Injunction, Joshua began attending the Continuation School at a site on the grounds of the Bernalillo County Juvenile Detention Center. That site did not offer the Nova Net program.

The Amended Complaint alleges that Defendant Soto denied Joshua his state created property right to a public education through the Nova Net program at the Continuation School by failing to enroll him in that particular program. However I find that Joshua did not have statutory or constitutional right to attend the Nova Net program of the Continuation School. Joshua, like all children in this state, had the right to a free public school education, N.M.S.A. §22-1-4 (A) 1978 (2001 Repl), but lost that right once he was found to have brought a handgun onto the Rio Rancho High School campus. At that point he was suspended for one year in accordance with Rio Rancho Public School Board of Education regulations which had been promulgated under N.M.S.A. §22-5-47 (A) 1978 (2001 Repl.). Whether or not the one year suspension was a violation of his constitutional rights because he had not been found to have knowingly brought the handgun onto campus is not the issue before me today. The fact is that he had been suspended and Mr. Soto, as the principal of an alternative school in a separate school system in a neighboring county, the Albuquerque Public Schools in Bernalillo County, was under no obligation to extend a particular program of education to Joshua.

It is well established that students in public school are not entitled to a particular

curriculum, particular courses or the right to participate in sports unless a state statute grants those rights. In *Seamons v. Snow*, 84 F.3d 1226 (10th Cir. 1996), remanded and aff'd in part, 206 F.3d 1021 (10th Cir. 2000), the court wrote, "[W]ith regard to the specific components of education which Brian claims were lost (e.g., the right to participate in sports, to take advanced placement classes, and to attend a particular school), we do not believe that Brian has a constitutional right to those particular incidents of education." pp. 1234-5. *Arundar v. DeKalb County School District*, 620 F.2d 493 (5th Cir. 1980) (holding that in absence of a state statute, student does not have a property interest in a particular course of study).

The Plaintiffs can point to no New Mexico statute which entitles Joshua to the right to receive an education under the Nova Net instructional component of the Continuation School. Mr. Soto's actions did not deprive Joshua a state created property interest which would be protected by the due process clause of the Fourteenth Amendment of the Constitution. Therefore, since I find that Joshua had no constitutional or statutory right to be enrolled in the Nova Net program offered by the Continuation School, I find that I need go no further into an inquiry of Mr. Soto's qualified immunity with regard to Counts VI and XI.

## DEFENDANT SOTO'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OF RETALIATION IS GRANTED

The Amended Complaint alleges that Defendant Soto, as well as Defendant Fitzpatrick, refused to enroll Joshua in the Nova Net portion of the Continuation School because the Butlers were appealing Joshua's suspension with the Rio Rancho Public School Board of Education. Defendant Soto has raised the affirmative defense of qualified immunity to this claim asserted in

Count XII of the Amended Complaint. The Plaintiffs assert that their appeals, first within the Rio Rancho Public School system and later through the judicial system, were protected First Amendment speech. *Graham v. NCAA*, 804 F.2d 953, 959 (6th Cir. 1986)

I find that Defendant Soto is entitled to the affirmative defense of qualified immunity in response to Count XII of the Amended Complaint. First, as explained previously, Joshua did not have a protected property interest in a particular course of education, i.e., the Nova Net curriculum offered by the Continuation School. Therefore, since the Plaintiffs' claims against Defendant Soto in the Amended Complaint in Count XII are premised upon the proposition that Joshua had a protected property right to attend the Nova Net program of the Continuation School which the Defendant Soto denied him in retaliation for his and his parents' protected First Amended speech, the Amended Complaint fails to state a claim upon which relief can be granted. The actions of Defendant Soto did not deprive Joshua of a protected property right, so "there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, ___ U.S. ___, 121 S. Ct. 2151, 2156 (2001).

The Plaintiffs also argue that the action of Defendant Soto in placing Joshua in the Continuation School at the site located at the Juvenile Detention Center was in retaliation for the Plaintiffs exercising their First Amendment rights, including the filing of this lawsuit. However, that argument is also premised on the proposition that Joshua had a protected property right to attend the Nova Net program as opposed to another program of the Continuation School. Since I have found that Joshua did not have a statutorily protected property right to attend the Nova Net program, it follows that any actions by Mr. Soto in enrolling him in any particular program of the Continuation School cannot give rise to a deprivation of a property interest protected by the

Fourteenth Amendment. Therefore, Count XII is dismissed as against Defendant Soto for failure to state a claim.

_____
SENIOR UNITED STATES JUDGE