# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

F I L E D
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 1 3 2002

*Robert M mmach*
CLERK

STEPHEN BUTLER, and
MARY BUTLER, as Parents and
Next Friend of JOSHUA BUTLER,
a Minor

        Plaintiffs,

vs.                             CIV NO. 01- 0466 M/WWD

RIO RANCHO PUBLIC SCHOOL
BOARD OF EDUCATION, a local public governing
body of the State of New Mexico,
SUE CLEVELAND, an individual,
GARY TRIPP, an individual,
SALLY MARQUEZ, an individual,
GERARD HYATT, in his individual and official
capacity, GEORGE DOE, in his individual and
official capacity, CITY OF RIO RANCHO, a local public
governing body of the State of New Mexico, and
OFFICER RUSS APGAR, in his individual and
official capacity,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before me on a Motion to Dismiss on behalf of Defendants Rio

Rancho Public Schools Board of Education, Sue Cleveland, Gary Tripp, Gerard Hyatt and

George Doe. Collectively these are the Rio Rancho Public School (RRPS) Defendants. Having

reviewed the moving papers of the parties, I find that the Motion to Dismiss is granted in part

1



and denied in part. Counts II, III, XII, XIV, XV, and XVIII will be dismissed against these Defendants for failure to state a claim upon which relief can be granted. Counts VII, VIII, XVI and XVII will remain as against these Defendants.

## BACKGROUND

Plaintiffs Stephen and Mary Butler filed this civil rights action under 42 U.S.C. §§ 1983 and 1985 alleging that various Defendants had violated the constitutional rights of their son Joshua Butler. Various state law claims were also pled.

The case stems from Joshua Butler's year long suspension from Rio Rancho High School on the basis of a finding that two weapons, a gun and a knife, were found in a car which Joshua had driven to school. It is a violation of state law to knowingly bring guns or knives to school. School regulations promulgated pursuant to state law also prohibit the possession of deadly weapons on school campuses.

The Hearing Officer did not find, however, that Joshua had knowingly brought these weapons to school. Joshua had borrowed his brother's car and driven it to Rio Rancho High School. The weapons belonged to Joshua's brother who had left them in the car. Nevertheless, Joshua was given a year long suspension which was the subject of a preliminary injunction sought before Judge Martha Vázquez. Judge Vázquez granted the preliminary injunction which allowed Joshua to attend Rio Rancho High School last year and graduate with his class. The RRPS Defendants have appealed the Order granting the Preliminary Injunction to the United States Court of Appeals for the Tenth Circuit [Doc. No. 24].

Defendant Eduardo Soto had previously filed a motion to dismiss on the basis of

2

qualified immunity. That motion has been granted [Docs. No. 69 & 64]. Defendants City of

Albuquerque and Brian Fitzpatrick have been dismissed by stipulation of the parties [Doc. No.

81]. The parties have also agreed to dismiss Rio Rancho Public Schools as a party and to dismiss

Plaintiffs' claims for punitive damages against the Rio Rancho Board of Education [Doc. No.

80].

## JURISDICTION

Even though the grant of the preliminary injunction is on appeal, I still retain jurisdiction

to decide other issues in this case. *Howard v. Mail-Well Envelope Co.,* 150 F.3d 1227, 1229

(10th Cir. 1998*).* "An appeal from the grant or denial of preliminary injunction does not divest

the trial court of jurisdiction or prevent it from taking other steps in the litigation while the

appeal is pending." 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal*

*Practice and Procedure* § 2962 (2d ed. 1995)*.*

This motion to dismiss involves the RRPS Defendants who have appealed the

preliminary injunction [Doc. No. 24]. The preliminary injunction was granted because the Court

determined that the substantive due process rights of the student Joshua Butler had been violated.

Judge Vázquez determined that imposing a one year suspension upon a student for unknowingly

bringing weapons onto the high school campus is not rationally related to the legitimate

government purpose of maintaining school discipline. *See Seal v. Morgan,* 229 F. 3d 567 (6th

Cir. 2000). The Preliminary Injunction was directed against the Rio Rancho Board of

Education. "The Rio Rancho Public School District and Rio Rancho Board of Education are

hereby prohibited from enforcing their order to suspend Joshua for one year ..." [Memorandum

3

Opinion and Order Granting Preliminary Injunction, Doc. No. 14]. However, all the named

RRPS Defendants joined in the appeal - the Rio Rancho Board of Education, Sue Cleveland,

Gary Tripp, Sally Marquez (who has not joined this Motion to Dismiss), Gerard Hyatt and

George Doe.

The issue on appeal is whether the Rio Rancho Public Schools Board of Education erred

in ordering Joshua Butler to be suspended for one year when the Hearing Officer did not find that

Joshua knowingly brought the weapons onto the high school campus. The issues brought forth

in the RRPS defendants' Motion to Dismiss do not involve this narrow legal issue which is

currently on appeal. Therefore, I have determined that I have continuing jurisdiction to rule upon

matters not involved in the appeal, including in this Motion to Dismiss whether the Amended

Complaint states causes of action upon which relief can be granted and if so, whether any of the

individual Defendants are entitled to the affirmative defense of qualified immunity.

## STANDARD OF REVIEW

The standards of review for a motion to dismiss for failure to state a claim are well

established. All well-pleaded factual allegations of the complaint are accepted as true and

viewed in the light most favorable to the non-moving party. *Sutton v. Utah State Sch. for the

Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). All reasonable inferences raised in the

pleadings are resolved in favor of the Plaintiff. *Dill v. City of Edmond*, 155 F.3d 1193, 1201

(10th Cir. 1998). "A 12 (b)(6) motion should not be granted 'unless if appears beyond doubt that

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"

*David v. City and County of Denver*, 101 F.3d 1334, 1352 (10th Cir. 1996), *cert. denie*d, 522

4

U.S. 858 (1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

The RRPS Defendants have also raised the affirmative defense of qualified immunity. The RRPS individual Defendants have argued that even if I find the Plaintiff has asserted facts sufficient to show that the Defendants' actions violated a federal constitutional or statutory right, that they, as individuals, are entitled to the affirmative defense of qualified immunity. Qualified immunity is an affirmative defense designed to shield government officials who perform discretionary functions from individual liability under 42 U.S.C. §1983 unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), *Baptiste v. J. C. Penney Co.,* 147 F.3d 1252, 1255 (10th Cir.1998). Once the defense of qualified immunity is raised the plaintiff must establish first, that his statutory or constitutional rights were violated and secondly, that the contours of that right were sufficiently clear "that a reasonable official would understand that what he is doing violated that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Therefore, the threshold question is whether, construing the facts alleged in the Amended Complaint in the light most favorable to the Plaintiffs, a constitutional or statutory right was violated by the actions of the Defendants. "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz,* 533 U.S. 194 (2001), *Gross v. Pirtle,* 245 F.3d 1151(10th Cir. 2001).

## PROCEDURAL DUE PROCESS CLAIM AGAINST THE INDIVIDUAL RRPS DEFENDANTS

*Goss v. Lopez*, 419 U.S. 565 (1975), clearly established the minimum procedural due process requirements for a short term suspension, but did not address, except in dicta, the minimum procedural due process requirements for a longer term suspension such as the one that was imposed in this case. The Tenth Circuit discussed this very issue in the recent case of *Watson v. Beckel*, 242 F. 3d 1237 (10th Cir. 2001), in which a New Mexico Military Institute student complained that he was denied due process in a disciplinary hearing that led to his expulsion. The Court explained that procedural due process in a disciplinary hearing that could lead to expulsion or a long term detention requires, at a minimum, notice of the charges to be heard and an opportunity for the student to present his side of the story. Whether more is required depends on the balancing test of *Mathews v. Eldridge*, 424 U.S. 319 (1976). Three factors must be considered: 1) the private interest that will be affected by the official action, 2) the probable value of additional or substitute procedural safeguards, and 3) the government's interest, including fiscal and administrative burdens, that additional or substitute procedural requirements would entail. *Mathews*, 424 U.S. at 334-35. The Tenth Circuit found the balancing test from Mathews appropriate in school detention and expulsion cases because it "crystallizes the balancing of student interests against school interests suggested in the *Goss* decision." *Watson*, 242 F. 3d at 1240.

The Amended Complaint states that Joshua Butler was given written notice, along with his parents, of the charges that were being brought against him. The hearing was held before a Hearing Officer. Joshua was represented by counsel, presented testimony and was given the opportunity to cross-examine witnesses. Joshua exercised his right to an appeal to the Rio Rancho Public Schools Board of Education, which upheld the decision to suspend him.

6

Plaintiffs complain of three specific items which they claim rise to the level of a procedural due process violation - that Joshua was being charged with additional violations of which they were not give notice, that evidence was presented to the Board during the appeal process that was not presented at the disciplinary hearing and that the disciplinary hearing was not conducted before an impartial decision maker. The Amended Complaint does not support the inference that Plaintiffs raise that Joshua was being charged with additional violations of which they were not given notice. The Amended Complaint states that according to the Notice of Hearing, Joshua was charged with violations of Rio Rancho Public School Policies 347-1 & 2 and 336-3A.1.a (10)(a) [Doc. No. 13, ¶ 76]. The Amended Complaint further states that the Hearing Officer found that Joshua was in violation of Board Policy 347-1,2, 336-3A.1.a (10)(a) and the Rio Rancho High School Student Management Handbook [Doc. No. 13, ¶ 113]. The Hearing Officer based his recommendation to suspend Joshua for one year on the evidence presented at the disciplinary hearing that a handgun, a knife and drug paraphernalia were in the car Joshua had driven to school. Joshua and his parents had actual notice of the charges that Joshua was facing - the possession imputed to him of the handgun, knife and drug paraphernalia. Plaintiffs are apparently arguing that since the RRPS Policies listed in the Notice of Hearing do not include as one of the prohibited acts the possession of drug paraphernalia, that they were given inadequate notice of the charges Joshua faced [Doc. No. 13, ¶82].

This was the issue the Court of Appeals addressed in *Watson v. Beckel*, supra. The notice given to the student did not inform him that he was also facing charges of racism as well as assault. The Court found that the notice given to the student was adequate. It allowed the student to prepare for the hearing and defend against the charges. *Watson* at 1241. Using the

7

balancing factors delineated in *Mathews*, the Court found that charging the school with the requirement to list each and every possible permutation of charges against the student would be unduly burdensome. Like the student in *Watson* who knew his hearing was about a particular incident, Joshua Butler knew the disciplinary hearing was about a particular incident, the search of his brother's car and the items found in it. Furthermore, the Notice of Hearing, attached as Exhibit A to the Amended Complaint, listed the three items found in the car - the knife, the weapon and drug paraphernalia (marijuana pipe). The only thing the Notice did not list was a regulation or provision of the handbook which disallowed possession of drug paraphernalia on school grounds.

A more detailed notice would not have allowed Joshua to prepare more adequately for the hearing. *Watson* at 1242. The purpose of the notice of the disciplinary hearing is to allow Joshua to be prepared to present his side of the story. *Goss v. Lopez*, supra at 581. As the Supreme Court explained, the Due Process Clause of the Constitution is to protect students "against unfair or mistaken findings of misconduct and arbitrary exclusion from school." *Goss,* supra at 581. The notice given to Joshua and his parents was adequate because it alerted the student to the incident at issue, the items found in the search that would be discussed and the regulations which could lead to a one year suspension under certain circumstances. I find that the Amended Complaint does not state a claim for a violation of Joshua's procedural due process rights on the grounds that the Notice of Hearing was inadequate.

The Plaintiffs also contend that the Rio Rancho Public Schools Board of Education, which conducted the Hearing on Appeal, considered at least one matter outside the record [Doc. No. 13, ¶ 120 - 122]. Upon information and belief the Plaintiffs allege the matter considered by

8

the Board which was not brought forth during the disciplinary hearing was Joshua Butler's disciplinary record from Rio Rancho High School. RRPS Defendants argue that according to the Transcript of testimony on the Hearing on Appeal the matter that was considered by the Board was Joshua's revoked high school parking permit. Either way, the Amended Complaint alleges that a matter not presented during the disciplinary hearing was brought forth to the attention of the Board during the Hearing on Appeal.

The disciplinary hearing was not and should not be a judicial proceeding. Neither the rules of evidence were followed nor were exhibits received into evidence. Joshua Butler was represented by counsel at the disciplinary hearing. A transcript of the disciplinary hearing, attached to the Amended Complaint as Exhibit D, was made. The transcript was given to the Board for the appeal proceeding but the Amended Complaint states that some additional documents were included in the packet [Doc. No. 13, ¶¶ 120-122]. Whether the documents were Joshua's school disciplinary record or his revoked parking permit, the Plaintiffs argue that this was evidence which they were not able to address and which could have prejudiced Joshua at the appeal proceeding.

In this case, the argument is without merit. Plaintiffs' own attachments to the Amended Complaint demonstrate that both documents were discussed at the disciplinary hearing by both Mr. Tripp, the prosecuting party for Rio Rancho Public Schools and by Joshua's counsel. The transcript of the disciplinary hearing, Exhibit B to the Amended Complaint, records a lengthy explanation and review of Joshua's disciplinary record and the charges contained therein. The revoked parking permit was mentioned to explain why Joshua had chosen to park in the teachers' parking lot.

9

The inference was raised by the Amended Complaint that evidence the Plaintiffs were not able to address was presented to the Board at the appeal hearing. However, this allegation is unsupported by the Plaintiffs' attachments to the Amended Complaint. Plaintiffs cannot allege that unaddressed evidence was presented to the Board when their own attachments to the Amended Complaint demonstrate unequivocally that the documents in question were discussed thoroughly at the disciplinary hearing level. Furthermore, Joshua's counsel was present at the Board review hearing and realizing that one or more documents were in the packet presented to the Board again explained several of the items on the disciplinary record [Amended Complaint, Exhibit G].

Adding a layer of evidentiary rules to school disciplinary hearings and administration appeals would not fulfill the purpose of these hearings. *See Goss v. Lopez*, supra. Giving due deference to the school administrators in the minute contours of the disciplinary hearing has always been a hallmark of the federal courts. Thus, imposing strict rules of evidence in determining that a document, discussed and explained in the prior disciplinary hearing, but attached, perhaps inadvertently to the transcript of the disciplinary hearing and presented to the Board for an appeal would be a per se violation of procedural due process, would impose the sorts of undue burdens that the Supreme Court in *Mathews v. Eldridge* and *Goss v. Lopez* was concerned about. Applying the balancing factors of *Mathews*, I find that the requiring the school disciplinary hearing and appeal process to disregard documents that were discussed but not moved into evidence would add an unreasonable burden to the school bureaucracy without adding to the due process afforded to the student. I find that the Amended Complaint does not state a claim for a violation of Joshua's procedural due process rights on the grounds that

documents, not in evidence but discussed at the disciplinary hearing, were presented to the Rio Rancho Public Schools Board of Education for the Hearing on Appeal.

Lastly, Plaintiffs argue that because the year long suspension was apparently handed down by Mr. Tripp, the principal of Rio Rancho High School, a witness to the incident at question and the prosecuting party at the disciplinary hearing, that Joshua's procedural due process rights have been violated. They argue that Mr. Tripp cannot be a neutral party and that procedural due process requires an unbiased and impartial decision maker.

As a general rule, an impartial decision maker or tribunal body is required by the due process clause of the Fourteenth Amendment in a trial or an adjudication by an administrative agency. *See Withrow v. Larkin*, 421 U.S. 35, 46-47 (1975) (involving an M.D. complaining of a biased Medical Board which had the potential to revoke his license). However, the federal courts which have addressed this issue in a high school setting have been reluctant to hold, as a per se rule, that a student's procedural due process rights are violated when a teacher or administrator who witnessed the incident leading to the disciplinary hearing, is involved in the disciplinary hearing. *See Breeding v. Driscoll*, 82 F. 3d 383 (11th Cir. 1996). "In the school context, it is both impossible and undesirable for administrators involved in incidents of misbehavior always to be precluded from acting as decisionmakers." *Breeding* at 387.

Some courts have required pleadings to state with particularity the bias or prejudice of the decision maker which has affected the student. *See, e.g., Hammock v. Keys*, 93 F. Supp.2d 1222 (S.D. Ala. 2000). However in the present case, I need not even proceed to the question of bias or prejudice of the decision maker. The disciplinary hearing at Rio Rancho High School was conducted before a Hearing Officer [Amended Complaint ¶¶ 102-115, Doc. No. 13]. The

Hearing Officer, having no prior knowledge of the incident, heard the testimony of the witnesses and issued his findings of fact in a report [Amended Complaint ¶111]. He included a recommendation of the discipline that was warranted by his findings. The actual suspension was imposed by a Disciplinarian as required by school policies, either Mr. Tripp, the principal and primary witness at the disciplinary hearing, or by another [Amended Complaint, ¶¶103 - 105]. Thus the Amended Complaint does not allege that the finder of fact, the party who actually conducted the hearing and made a determination of the facts, was prejudiced or biased by reason of his prior involvement in the incident. I find that the Amended Complaint does not state a claim for a violation of Joshua's procedural due process rights on the grounds that the disciplinary hearing was conducted before a bias or prejudiced decision maker. Count III is therefore dismissed in its entirety.

## QUALIFIED IMMUNITY OF THE INDIVIDUAL RIO RANCHO DEFENDANTS

I find that the individual Rio Rancho Defendants are not entitled to the defense of qualified immunity. Judge Martha Vázquez has already determined that the Defendants violated Joshua's substantive due process rights by imposing a year long suspension without a finding that Joshua knowingly brought weapons onto the campus of the Rio Rancho High School. The question remaining is whether the substantive due process rights at issue were sufficiently established that a public official would know the parameters of that right. *Seamons v. Snow*, 84 F. 3d 1226 (10th Cir. 1996).

The Defendants have argued that there is no Tenth Circuit case on point, holding as the Sixth Circuit did in *Seal v. Morgan*, 229 F.3d 567 (6th Cir. 2000), that the due process rights of a

high school student are violated when he or she is suspended for unknowingly transporting contraband or weapons onto the high school campus. But as the Plaintiffs have argued, a precise factual correlation between the fact pattern at hand and a previously established Tenth Circuit case is not required to establish the lack of the affirmative defense of qualified immunity. It is enough that to "show that the alleged unlawfulness was apparent in light of preexisting law." *Seamons*, supra at 1238.

The requirements of scienter in cases involving the criminal possession of contraband have long been established. See, e.g. *Staples v. United States*, 511 U.S. 600 (1994). Even the New Mexico statute upon which the Rio Rancho school regulations requiring a one year suspension or expulsion for bringing a weapon upon campus, clearly states that discipline will be imposed upon any student who <u>knowingly</u> brings a weapon to school. N.M. Stat. Ann. §22-5-4.7 (A) (2001) (emphasis added). While the right to attend public school is not a fundamental right guaranteed by the Constitution, it is a property interest protected by the due process clause of the Fourteenth Amendment and cannot be taken away by government action without a legitimate, rationally related state interest. The state interest is, of course, in maintaining the safety and discipline on its school campuses. However, as Judge Vázquez, determined in her grant of the Preliminary Injunction, suspending a student for unknowingly transporting a weapon onto the school campus does not rationally support the legitimate state interest in maintaining school safety and discipline. Defendants are charged with knowing the parameters of the law, including the procedural and substantive due process rights of students subject to long term suspension. In light of the pre-existing law, I find that the Rio Rancho Defendants are not entitled to the affirmative defense of qualified immunity. Count XVIII is therefore not dismissed.

13

## CLAIM OF RETALIATION AGAINST DEFENDANT TRIPP

Recently the Court of Appeals for the Tenth Circuit adopted a three part test to assess whether a claim of retaliation for exercising one's freedom of speech against a defendant who is neither an employer of the plaintiffs or a party to a contract with the plaintiffs states a cause of action. *Smith v. Plati*, 258 F. 3d 1167 (10th Cir. 2001). To establish their claim of retaliation, the Plaintiffs must allege, and eventually prove, 1) that they were engaged in constitutionally protected activity, 2) the defendant's actions caused the Plaintiffs to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and 3) the defendant's adverse action was substantially motivated as a response to the Plaintiffs' exercise of constitutionally protected conduct. *Smith*, supra at 1176. Plaintiffs have alleged that Defendant Tripp, the principal of Rio Rancho High School whom they had been led to believe would cooperate with their search for an alternative education for their son, refused to cooperate and would not return their phone calls [Amended Complaint ¶129 ]. The protected first Amendment speech the Plaintiffs had engaged in was the appeal of Joshua's suspension to the Rio Rancho Public Schools Board of Education and later, the filing of this lawsuit. But the Amended Complaint fails to allege facts which meet the second and third prong of the test for a retaliation cause of action. Defendant Tripp's actions, failing to return phone calls or at most the inference that he communicated the fact of the appeal to other educators in the area, did not cause the Plaintiffs an injury that chilled or limited their exercise of their First Amendment rights. More importantly, there is not a single allegation, or even inference, that Defendant Tripp's actions or inactions were substantially motivated by Plaintiffs' exercise of their First Amendment rights. I find that the Amended Complaint fails to state a cause of action for retaliation against Mr. Tripp.

Count XII is dismissed as against Defendant Tripp for failure to state a claim upon which relief can be granted.

## FOURTH AMENDMENT VIOLATION CLAIMS AGAINST DEFENDANTS HYATT AND DOE

In a motion to dismiss, all well pleaded allegations of the Plaintiffs' Complaint are accepted as true for purposes of determining whether the Amended Complaint states a claim upon which relief could be granted. An allegation however that mixes fact and conclusions of law need only be accepted as true as far as the facts are concerned. Plaintiffs' Amended Complaint alleges that Defendant Hyatt was employed by the Rio Rancho Public Schools and the Rio Rancho Board of Education as the chief security guard of Rio Rancho High School, is a public employee and is a law enforcement officer within the meaning of the New Mexico Tort Claims Act. [Doc. No. 13, ¶10] The first part of the allegation is taken as true, that Defendant Hyatt was the chief security guard of the high school and is therefore a public employee. However the second part of the allegation is a legal conclusion, that Defendant Hyatt is a law enforcement officer within the meaning of the New Mexico Tort Claims Act. Paragraph 11 of the Amended Complaint states the same facts concerning Defendant Doe except for the fact that he was a security guard at the high school.

Therefore, for purposes of this Motion to Dismiss I accept as true that Defendants Hyatt and Doe were security guards at Rio Rancho High School and public employees. Whether they are law enforcement officers for the purposes of the New Mexico Tort Claims Act is a matter of law dependent on a factual determination of their principal duties. N. M. Stat. Ann. §41-4-3 (D)

15

(1996). That determination cannot be made at this stage of this lawsuit.

As security guards assigned to Rio Rancho High School, Defendants Hyatt and Doe were school officials, or perhaps school resource officers. *See In re Josue T.*, 989 P. 2d 431 (Ct. App. NM 1999). For purposes of this Motion to Dismiss, the distinction is unnecessary. Recently, the New Mexico Court of Appeals addressed whether the Fourth Amendment of the Federal Constitution required probable cause for a school official or a school resource officer (a commissioned police officer assigned to a public school by the officer's police department) to conduct a search of a student during school hours on school property. The Court concluded that both school resource officers, as well as school officials, only require the reasonable suspicion described by the U.S. Supreme Court in *New Jersey v. T.L.O.*, 469 U.S. 325 (1985), to search students.

The District Court of Kansas, in *James v. Unified School District No. 512*, 959 F. Supp 1407 (D. Kan. 1997), declined to hold that the reasonable suspicion standard of *T.L.O.* applied to a search of student's car on a high school campus when police were involved as well as a school official and a school resource officer. In that case, as in the present case, the student was eventually charged in juvenile court as a result of bringing a weapon on campus, as well as faced with a long term suspension. But while the Court found that the reasonable suspicion standard of *T.L.O.* did not apply when police were involved in the search, the Court did find that the school official and school resource officer were entitled to the affirmative defense of qualified immunity in the conduct of their search. *James*, supra at 1413.

However, I find the analysis of the New Mexico Court of Appeals more persuasive than the Court in *James v. Unified School District No. 512*, supra, particularly in its review of cases

16

involving searches of students involving both school resource officers and police officers. In light of the reasoning of the Court in *In Re Josue T.*, supra, I am persuaded that the reasonableness standard of *T.L.O.* applies in the present case to the search of the car conducted by Defendants Hyatt and Doe.

The facts stated in the Amended Complaint clearly delineate that Defendants Hyatt and Doe had the necessary reasonable suspicion to conduct a search of the car belonging to Joshua's brother. The Amended Complaint establishes that Joshua drove the car to school and parked it in the faculty parking lot. Defendant Hyatt noticed the car did not have the proper parking permit and asked Rio Rancho Police Officer Apgar to run a registration check on the car. Officer Apgar discovered the car was registered to Joshua's older brother. Defendant Hyatt notice the butt end of knife by looking through the window of the car. Defendant Doe summoned Joshua to the car. Joshua informed the Defendants Hyatt, Doe and Defendant Officer Apgar that the car belonged to his brother. Defendant Hyatt instructed Joshua to open the car. Twice Joshua stated that he wanted his parents present. Joshua's parents were not contacted. Believing he had no choice, Joshua unlocked the car. Defendant Hyatt removed the knife from the car. Officer Apgar then asked Joshua if he had a problem if the car was searched. Joshua replied that the car was not his. Despite Joshua's objections, Defendant Hyatt searched the car. A loaded gun was found under the driver's seat of the car. Joshua did not know of the presence of either the knife or the gun in the car. Defendant Hyatt conducted a further search of the car and found drug paraphernalia [Amended Complaint ¶¶22-64].

The Supreme Court in *New Jersey v. T.L.O.*, supra, concluded that a search conducted by school officials must be justified at the inception of the search and reasonably related in scope to

17

the circumstances justifying the search initially. 469 U.S. at 341-342. The search of the car driven by Joshua onto the Rio Rancho High School campus was justified at its inception because the school security guard, Defendant Hyatt, observed a knife in plain view in the car. The subsequent search was reasonably related in scope to the original search for the knife, that is, limited to a search for weapons and contraband which could have impacted on the safety of the school environment. I find that the Amended Complaint fails to state a cause of action under the Fourth Amendment against Defendants Hyatt and Doe on the grounds that the search of the car was unreasonable under the circumstances. Therefore Count XIV is dismissed.

## CONSPIRACY BY DEFENDANTS TRIPP, CLEVELAND, RIO RANCHO PUBLIC SCHOOLS BOARD OF EDUCATION, HYATT AND DOE

Count XV of the Amended Complaint alleges that all named Defendants conspired to deprive Joshua Butler of his constitutionally protected rights to his state created property right to a free public education, conspired to deprive Joshua of his liberty interest in his good name, conspired to deprive Joshua to the equal protection of the laws without procedural and substantive due process and conspired to retaliate against him for the exercise of his rights [Amended Complaint, ¶269]. Furthermore, the Amended Complaint states that the Defendants' actions were motivated by racial animus [¶270]. To state a cause of action for conspiracy to deprive one of constitutionally protected rights, one must allege specific facts showing agreement and concerted action among the defendants. *Durre v. Dempsey*, 869 F. 2d 543, 545 (10th Cir. 1989). The Amended Complaint does not contain such specific facts; it contains conclusions about a conspiracy but does not contain the requisite specificity to state a claim for

18

conspiracy. Furthermore, there are no facts contained in the Amended Complaint which even lead to the broadest inference that any of the actions taken by the Defendants in regard to Joshua Butler were motivated by race or other class based animus. Therefore, I find that Count XV fails to state a claim upon which relief can be granted.

## PUNITIVE DAMAGES AGAINST THE INDIVIDUAL RIO RANCHO DEFENDANTS

Count XVIII alleges that the individual Rio Rancho Defendants acted toward Plaintiffs with reckless indifference and that their actions, which violated the constitutionally protected rights of Joshua, were malicious and intentional. I have found that the Amended Complaint, as against the individual Rio Rancho Defendants, only states one cause of action in violation of Joshua's constitutionally protected rights - the substantive due process claim. I do not find that the Amended Complaint contains facts which support the conclusory allegation that the individual Rio Rancho Defendants acted maliciously, recklessly, with intentional evil, or with callous indifference to Joshua's constitutionally protected substantive due process rights. *See Smith v. Wade*, 461 U.S. 30, 56 (1983). Even the broadest reading of the Amended Complaint does not persuade me that it contains facts which could state a cause of action for punitive damages under 42 U.S.C. §1983 as against the individual Rio Rancho Defendants. Therefore, I find that Count XVIII fails to state a cause of action upon which relief can be granted.

## PROCEDURAL DUE PROCESS CLAIM AGAINST THE BOARD

Having determined that the Amended Complaint fails to state a claim for a violation of Joshua's procedural due process claims against the individual RRPS Defendants, in either the

19

disciplinary hearing or in the appeal hearing before the Rio Rancho Public Schools Board of Education, I find that the Amended Complaint also fails to state a cause of action against the Board for a violation of procedural due process rights. A school board may be held liable for constitutional violations only when a policy, regulation or custom of the Board inflicts a constitutional injury. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Since there was no violation of Joshua's procedural due process I find that the allegations of unconstitutional policies and customs and failure to train its employees on the part of the Board in Count II are conclusions of law and do not state facts which support a cause of action under 42 U.S.C. §1983 against the Board. Count II is dismissed as against the Board for failure to state a claim for which relief can be granted.

## NEW MEXICO TORT CLAIMS ACT

The New Mexico Tort Claims Act requires either written notice or actual notice to the governmental entity against whom an action is brought within ninety days of the occurrence. N. M. Stat. Ann. §41-4-16 (B). The Defendants argue that the Amended Complaint does not contain an allegation of written notice given to the Board of claims brought against it pursuant to the Act and should therefore be dismissed. This argument is however without merit. I take judicial notice that the occurrence which gave rise to this lawsuit happened on February 9, 2001. Less than ninety days later, on or about April 26, 2001, Joshua and his parents filed this lawsuit in federal court, serving the Board with notice that a claim had been brought pursuant to the New Mexico Tort Claims Act [Complaint, Doc. No. 1]. It appears from the pleadings of this lawsuit that the governmental entities involved received actual notice within ninety days of the incident

20

which may give rise to claims under the New Mexico Tort Claims Act.

As I stated earlier, whether Defendants Hyatt and Doe are law enforcement officers for the purposes of the New Mexico Tort Claims Act is a matter of law dependent on a factual determination of their principal duties. N. M. Stat. Ann. §41-4-3 (D) (1996). Based upon the factual allegations in the Amended Complaint, I find that determination cannot be made at this stage of this lawsuit. Therefore the motion to dismiss Count XVI for failure to state a claim upon which relief may be granted is denied.

## VIOLATIONS OF STATE LAWS AND REGULATIONS

The Amended Complaint states several potential violations of state laws and State Board of Education Rules and Regulations including allegations that the school disciplinary hearing was postponed in violation of certain regulations, that a disciplinarian was not appointed as required by the regulations, that the Hearing Officer used the wrong standard of evidence, that the Board considered evidence not in the administrative record and that the Board made separate findings of fact also in violation of certain regulations [Amended Complaint, ¶¶ 76-126]. These allegations, taken as true for the purposes of this Motion to Dismiss, are sufficient to state claims for violations of state laws and regulations. Therefore, the Motion to Dismiss Count XVII is denied.

## CONCLUSION

The Motion to Dismiss various claims was brought by the Rio Rancho Public Schools Board of Education, and the individual Rio Rancho Defendants Cleveland, Tripp, Hyatt and Doe.

I find that the Motion to Dismiss Counts II, III, XII, XIV, XV, and XVIII is well taken and will

be granted as to these Defendants on those claims. The Motion to Dismiss Counts VII, VIII,

XVI, and XVII is not well taken and will be denied as to these Defendants. Therefore, Counts

II, XII and XIV are hereby dismissed in their entirety. Count III is dismissed as against the

individual Defendants Cleveland and Tripp, and Counts XV and XVIII are dismissed as against

the Defendant Rio Rancho Public School Board of Education and the individual Rio Rancho

Defendants Cleveland, Tripp, Hyatt and Doe.


_____
SENIOR UNITED STATES JUDGE