IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO



**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 1 6 2002

Robert M. March
CLERK

STEPHEN BUTLER, and
MARY BUTLER, as Parents and
Next Friend of JOSHUA BUTLER,
a Minor

        Plaintiffs,

vs.                                                     CIV NO. 01-0466 M/WWD

RIO RANCHO PUBLIC SCHOOL
BOARD OF EDUCATION, a local public governing
body of the State of New Mexico,
SUE CLEVELAND, an individual,
GARY TRIPP, an individual,
SALLY MARQUEZ, an individual,
GERARD HYATT, in his individual and official
capacity, GEORGE DOE, in his individual and
official capacity, CITY OF RIO RANCHO, a local public
governing body of the State of New Mexico, and
OFFICER RUSS APGAR, in his individual and
official capacity,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before me on a Motion by Defendants Rio Rancho Public Schools Board of Education, Sue Cleveland, Gary Tripp, Sally Marquez, Gerard Hyatt and George Doe for Reconsideration of that portion of my Memorandum Opinion and Order filed May 13, 2002 [Doc. No. 88] in which I declined to grant the Rio Rancho individual Defendants

1



the affirmative defense of qualified immunity. The Rio Rancho Defendants have brought their motion pursuant to Fed. R. Civ. P. 60 (b)(5) or (6) arguing that since the Tenth Circuit has vacated the preliminary injunction which was originally granted by District Court Judge Martha Vázquez, that my reliance on the findings contained in the Order granting the Preliminary Injunction should now cause me to reconsider the defense of qualified immunity. After careful consideration of the Defendants' arguments I have decided not to reverse that portion of the Memorandum Opinion and Order concerning the qualified immunity of the individual Rio Rancho Defendants.

My finding that a violation of Joshua's constitutional rights to due process may have occurred did not rely solely on Judge Vázquez's Memorandum Opinion and Order in which she granted the Preliminary Injunction. The Amended Complaint alleges that the Rio Rancho Defendants imposed a one year suspension against Joshua Butler after he was found to have unknowingly brought weapons onto the Rio Rancho High School campus. These allegations, if proven, may well state a cause of action for a deprivation of Joshua's constitutional rights. Whether they do in fact will depend ultimately on the jury and its determination whether the Rio Rancho Defendants and the Rio Rancho Public Schools Board of Education can establish a legitimate, rationally related state interest which supports the imposition of a one year suspension for unknowingly bringing a deadly weapon onto the school campus. Having found that the Amended Complaint states a possible claim for a deprivation of constitutional rights, I turn to the affirmative defense of qualified immunity.

My analysis of the defense of qualified immunity in this situation remains the same. The requirement of scienter in cases involving punishment for the possession of contraband is long

standing. The state statute directing each school district to adopt an expulsion policy specifically refers to students who knowingly bring a weapon to school. N.M. Stat. Ann. §22-5-4.7 (2001 Repl. Pamp.). While there are no Tenth Circuit cases or Supreme Court cases directly on point with this fact scenario, there are sufficient cases involving other due process violations for the Defendants to be on notice that their actions may have violated the due process rights of a student when a student is suspended or expelled for unknowingly violating a school regulation.

## CONCLUSION

The Motion for Reconsideration to vacate that portion of the Memorandum Opinion and Order in which I declined to grant the Rio Rancho individual Defendants the affirmative defense of qualified immunity is DENIED. I express no opinion on whether the Memorandum Opinion and Order entered May 13, 2002 is a final judgment subject to appeal. Nevertheless, I grant the Rio Rancho Defendants' Motion for Extension of Time in which to file an appeal under Fed. R. App. P. 4 (a)(5), granting an extension of ten days from the date of this Memorandum Opinion and Order.

_____
SENIOR UNITED STATES JUDGE