## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

STEPHEN BUTLER, and
MARY BUTLER, as Parents and
Next Friend of JOSHUA BUTLER,
a Minor

       Plaintiffs,

vs.                                                                                          CIV NO. 01- 0466 M/WWD

RIO RANCHO PUBLIC SCHOOL
BOARD OF EDUCATION, a local public governing
body of the State of New Mexico, et al

       Defendants.


## AMENDED MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before me on a Motion by Plaintiffs Stephen and Mary Butler, as Parents and Next Friend of Joshua Butler, to Determine the Proper Amount of Attorneys' Fees to be Awarded. [Doc. No. 113]. Plaintiffs, as appellees in the appeal of the grant of the preliminary injunction, moved for attorneys' fees in the United States Court of Appeals for the Tenth Circuit. (*Stephen Butler, et al, Appellees, v. Rio Rancho Public School District, et al Appellants, and City of Rio Rancho et al*, USCA 01-2177). The Tenth Circuit dismissed the appeal of the grant of the preliminary injunction because the injunction was moot, Joshua Butler having graduated from Rio Rancho High School. The Court of Appeals directed this court to vacate the underlying preliminary injunction. The Court also held that the Appellees were the prevailing parties on the

appeal because a final determination on the merits could not have given them more success in achieving their goal than they had achieved by the grant of the preliminary injunction. The motion for appellees' attorneys' fees was granted and remanded to this court for a determination of the proper amount to be awarded.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs brought the underlying action pursuant to 42 U.S.C. §1983, §1985 and state law. The U.S. District Court, District Judge Martha Vázquez, granted the Plaintiffs a preliminary injunction which allowed Joshua Butler to return to Rio Rancho High School, finish his senior year and graduate with his class. Rio Rancho Public Schools Board of Education, one of the defendants in this case and the defendant against whom the preliminary injunction was directed, appealed the injunction. As previously stated, the appeal was dismissed as moot. Appellees were held to be the prevailing parties and their motion for attorneys' fees for the appeal was granted.

This case is by no means resolved. An interlocutory appeal to the Court of Appeals for the Tenth Circuit is pending on the issue of qualified immunity for the individual Rio Rancho Public School defendants which is the issue involved in Count VIII of the Amended Complaint. [Doc. No. 112, Notice of Appeal]. Counts VII, XVI and XVII of the Amended Complaint still need to be resolved. A Motion filed by Plaintiffs for Attorneys' Fees [Doc. No. 36] incurred in the initial application for the Preliminary Injunction remains to be addressed by this Court.

The Plaintiffs were granted their preliminary injunctive relief on the likelihood of eventually prevailing on the merits. The appeal of that relief was dismissed as moot and therefore did not address the merits upon which the preliminary injunction was premised, that the

substantive due process rights of Joshua Butler had been violated when he was suspended from school.  There remains the possibility that when the underlying merits are addressed the Plaintiffs will not prevail.  While making no comment whatsoever on the merits of the substantive due process issue, I merely note that the possibility exists that the Plaintiffs will ultimately not prevail on that issue.  As long as that possibility exists, I find that awarding attorneys' fees for the work done on the preliminary injunction work would be premature.

However the appeal of the preliminary injunction is finished.  All that remains in that portion of this lawsuit is for this court to determine the proper amount of attorneys' fees to be awarded.

## LEGAL STANDARD

The Plaintiffs moved for attorneys' fees pursuant to 41 U.S.C. §1988.  Section 1988 provides that in certain federal civil rights actions, including those brought pursuant to 42 U.S.C. §1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." §1988(b).   Along with fees and expenses allowed under §1988, a prevailing party in a civil rights actions is normally entitled to costs under 28 U.S.C. §1920.  *Case v. Unified Sch. Dist. No. 233*, 157 F. 3d 1243, 1249 (10th Cir. 1998).

The starting point for determining the amount of a reasonable fee is to calculate the number of hours reasonable expended and to multiply that number by a reasonable hourly rate. *Ramos v. Lamm*, 713 F. 32d 546, 552 (10th Cir. 1983), *abrogated on other grounds by Pennsylvania v. Delaware Valley Citizens for Clean Air*, 483 U.S. 711 (1987).  The resulting figure is referred to as the "lodestar."  *Case , supra*, at 1249.

## PLAINTIFFS' APPLICATIONS FOR ATTORNEYS' FEES

Plaintiffs are represented by Joan M. Waters, Esquire. She has submitted three separate bills for attorneys' fees and costs in this portion of the lawsuit and appeal. The first bill, dated May 22, 2002, Account No. 4004-03M, is for work responding to the appeal of the grant of the preliminary injunction. The bill covers work done from June 12, 2001 to May 9, 2002 and totals 41 hours. Costs are submitted at $824.20. The second bill, dated June 24, 2002, Account No. 4004-05M, is for work done on the application for attorneys' fees in the appellate court. The bill covers work done from May 20, 2002 through June 16, 2002 . The hours total 11.9 and the costs are submitted at $44.44. The third bill, dated September 5, 2002, Account No. 4004-06M, is for work done on the remand to this court to determine the proper amount of attorneys' fees to be awarded. The bill shows work from July 19, 2002 through September 5, 2002, totals 14 hours and presents costs of $78.20. Each application is accompanied by a sworn Affidavit submitted by Ms. Waters stating her education, her legal experience, her time in the practice of law in New Mexico and that her hourly rate, like that of many similarly experienced civil rights attorneys in Albuquerque, is $150 an hour.

## REASONABLE EXPENDITURE OF HOURS

The Plaintiffs bear the burden of establishing the reasonableness of their application for attorneys' fees. The reasonableness of each hour, above zero, must be established by the applicant. *Jane L. v. Bangerter*, 61 F. 3d 1505, 1510 (10th Cir. 1995). As the Tenth Circuit has made clear, the prevailing parties who are seeking attorneys' fees

> must keep meticulous, contemporaneous time records to present to the court upon

4

> request. These records must reveal . . . all hours for which compensation is
> requested and how those hours were allotted to specific tasks - for example, how
> many hours were spent researching, how many interviewing the client, how many
> drafting the complaint and so on.

*Ramos*, 713 F.2d at 553. Block billing, lumping tasks into a single entry of time, while not favored, is not per se forbidden. *Cadena v. Pacesetter Corp.*, 224 F. 3d 120., 1215 (10th Cir. 2000).

The Tenth Circuit also recognizes that just as attorneys do not bill a client for every hour expended in the course of litigation, so should an attorney making an application for attorneys' fees as the prevailing party exercise billing judgment. The attorney should make a good faith effort to exclude those hours from his or her billing that are excessive, redundant or otherwise unnecessary. *Ellis v. Univ. of Kan. Med. Ctr.,* 163 F. 3d 1186, 1202 (10th Cir. 1998). The Court, likewise, has a corresponding duty to exclude hours "not reasonably expended" from the application. *Id.* In analyzing what hours are "reasonably expended" on certain tasks, the court may consider such factors as the "complexity of the case, the number of reasonable strategies pursued, and the responses necessitated by the maneuvering of the other side." *Case*, 157 F. 3d at 1250.

### DEFENDANT RIO RANCHO PUBLIC SCHOOLS BOARD OF EDUCATION'S ARGUMENTS

Defendant-Appellant Rio Rancho Public School Board of Education argues that Plaintiffs should not recover their attorneys' fees because they are not prevailing parties. However, the Court of Appeals for the Tenth Circuit directed this court to award attorneys' fees on that portion

of the lawsuit, the appeal taken by the appellant, precisely because the Plaintiffs were prevailing parties on the issue of the granting of the preliminary injunction. This particular determination of attorneys' fees only covers that portion of the lawsuit on which the parties have prevailed and face no risk of having a favorable decision overturned.

Defendant-Appellant Rio Rancho Public School Board of Education also argues that Plaintiffs' attorneys's fees should be reduced because they have achieved only limited success thus far in this lawsuit. However, this application for attorneys' fees does not address or request fees for work done on non-related, unsuccessful claims that were brought in the Amended Complaint. This application only covers the limited work done on the appeal and the motion for attorneys' fees for that work, as well as the remand to this court for a determination of the proper amount of fees to be awarded.

Defendant-Appellant brings three objections to the billings submitted by Plaintiffs in support of their application for attorneys' fees: 1) Ms. Waters has supplied only her own affidavit establishing that an hourly rate of $150 for civil rights attorneys is reasonable for the Albuquerque market, 2) Ms. Waters engaged in block billing making it impossible to determine the amount of time allocated to each task, and 3) 12.3 hours for the preparation of Appellees' Answer Brief is an unreasonable amount of time for this task.

Ms. Water's sworn Affidavit was first supplied in connection with her original Motion for Attorneys' Fees, filed June 29, 2001, in the underlying case. [Doc. No. 36]. In a footnote, Ms. Waters stated that to avoid unnecessary expenses that she had abstained from obtaining affidavits from other experienced civil rights attorneys to attest to the reasonableness of the hourly rate requested by Plaintiffs' counsel. But, the footnote went on to state that should Defendants assert

6

that such an Affidavit is necessary, the Plaintiffs would submit one.  The other three Affidavits, which also stated in similar fashion, that experienced civil rights attorneys in the Albuquerque area charge $150 an hour as Plaintiffs' attorney has requested, were filed May 22, June 24 and September 5, 2002.  It was not until August 9, 2002, in its Response to Plaintiffs' Motion to Determine the Proper Amount of Attorneys' Fees, that Defendant-Appellant Rio Rancho Public Schools Board of Education argued that Plaintiffs' counsel's Affidavit was insufficient and self-serving.

     The arguments of Rio Rancho Public Schools Board of Education are not persuasive.  First, Defendant-Appellant waited over a year to object to the sole affidavit.  It would be manifestly unfair to now require Plaintiffs to submit additional affidavits after Defendant-Appellant allowed them to believe for 14 months that the single affidavit would suffice. Secondly, the Board has presented no evidence that the hourly rate submitted by Plaintiffs' counsel is unreasonable.  A sworn affidavit submitted by the applicants' counsel is evidence of market rates.  *See Case v. Unified Sch. Dist. No. 233*, 157 F. 3d, 1243, 1256 (10th Cir. 1998).  Other competent evidence would be affidavits submitted by opposing counsel addressing their own hourly rates or affidavits of other civil rights attorneys who practice in the Albuquerque area attesting to their hourly rates and their experience.  *See Case, supra*.  But Rio Rancho Public Schools Board of Education has not presented any evidence to counter Ms. Water's Affidavit.

     On the other hand, Ms. Waters has not only attested to her experience in civil rights law but has also submitted a list of federal cases in which she was counsel.  Her affidavit explains that she graduated from law school in 1980, has been practicing in New Mexico since 1984 and has represented both plaintiffs and defendants in civil rights cases since 1990.  She further states that

in her experience, civil rights attorneys in Albuquerque charge at least $150 an hour and some charge as much as $225. "The district court must award *rates* compatible with competent, trustworthy evidence of the market." *Case, supra* at 1256, (emphasis in original). I find the Affidavit presented by Ms. Waters to be trustworthy, competent and adequate evidence upon which to base my finding that an appropriate hourly rate for a civil rights attorney with her experience in the Albuquerque area is $150 an hour.

Defendant Rio Rancho Public Schools Board of Education also objects to Plaintiffs' counsel use of block billing. In particular, Defendant objects to three instances[1] of billing on different topics of legal research:

| | | |
|---|---|---|
| 9/13/01 | 1.8 hours | legal research on mootness |
| 9/14/01 | 1.5 hours | legal research on mens rea/scienter |
| 9/17/01 | 1.5 hours | legal research on irreparable harm |

While block billing is not defined, the Court of Appeals for the Tenth Circuit has admonished attorneys to keep "meticulous, contemporaneous time records" which should reveal how the attorney's hours were allotted to specific tasks. *Ramos v. Lamm, supra* at 553. When looking at time keeping records which fail to adequately show how attorneys used large blocks of time, the Court of Appeals advises the district court that it may, in its discretion, reduce the award of attorneys' fees because of the inadequate records. *Jane L. v. Bangerter, supra* at 1510.

---

[1] Defendant has also objected to the blocks of time used for legal research on 6/11/01, .8 hours for updating research, and on 7/14/01, 7.2 hours for 5 research topics. However these billings do not appear on the three bills before me in this Motion. Those two billings appear on the second of Ms. Water's bills filed in relation to the Plaintiffs' Motion for Attorneys' Fees filed June 29, 2001 in this court [Doc. No. 36]. That motion, which relates to the attorneys' fees incurred in the request for the preliminary injunction on the district court level, is premature at this time as I have already noted. The objections to those billings will be addressed when that Motion for Attorneys's Fees is decided.

However, the hours objected to by Defendant are not block billing as envisioned by the Court of Appeals. The times, ranging from 1.5 to 1.8 hours are time during which the Plaintiffs' attorney documented her tasks - in each case, a legal research on a distinct topic. Nor do I find the time periods in question to be unreasonable for the task delineated. Legal research takes time and I do not find these blocks of time excessive or redundant for the tasks specified.

Lastly, Defendant objects to the amount of time Plaintiffs' counsel used to prepare for Appellee's Answer Brief, 13.9 hours (although Defendant has totaled the billings at 12.3 hours). Rio Rancho Public Schools Board of Education argues that the issues for the Answer Brief were limited to whether the appeal was moot and whether the injunction should be vacated. However, Defendant misstates the case. The issues addressed in the appellate brief were not limited to whether the injunction was moot. The appellate brief argued the merits of the decision below and Plaintiffs necessarily responded to these arguments. With no more before me than the respective arguments of counsel, I cannot find that this amount of time was unreasonable in the preparation of the Answer Brief. Therefore, I find the objection of the Defendant without merit. In addition, I note that Plaintiffs' counsel stated in her Affidavit that all work done on the response to the Appellant's Motion for Vacatur, on which the Appellant prevailed at the appellate level, was eliminated from her bill before presenting it in her application.

### COURT'S ASSESSMENT OF REASONABLENESS OF HOURS

I am also bound to review the bills presented with the Motion for Attorneys' Fees and the Motion to Determine a Proper Amount of Attorneys' Fees to be Awarded to determine whether the hours stated are reasonable under the facts and circumstances of this case. *Ramos v. Lamm*,

*supra* at 553-555.  Counsel has averred that she only charged her travel time at one half the rate of $150 or in other words, at $75 an hour.  Her travel time, which was by car since she listed her mileage as an expense, was billed at 6 hours for the trip from Albuquerque to Denver.  I find this time and billing rate are reasonable.

I will not award the time spent telephoning my law clerk to determine how best to proceed with the Court of Appeals for the Tenth Circuit's decision - .1 hour on 7/22/02.  Nor will I award the time spent preparing a Notice of Completion of Briefing of the Motion to Determine the Proper Amount of Attorneys' Fees to be Awarded. - .2 hours on 9/5/02, since the Local Rules no longer require that pleading as of July 1, 2002.  But otherwise, I find the hours expended by counsel for the Plaintiffs to be reasonable under the facts and circumstances of this case in accordance with the guidelines established by *Robinson v. City of Edmond*, 160 F. 3d 1275, 1281 (10th Cir. 1998).

For the first bill dated May 22, 2002, Account No. 4004-03M, for work done in response to the appeal of the grant of the preliminary injunction, I award $5,250.00 for 29 hours at $150 an hour and for 12 hours for travel time at $75 an hour plus the applicable gross receipts tax.  For the second bill dated June 24, 2002, Account No. 4004-05M, for work done on the application for attorneys' fees in the Court of Appeals for the Tenth Circuit, I award $1,785.00 for 11.9 hours at $150 an hour plus the applicable gross receipts tax.  For the third bill dated September 5, 2002, Account No. 4004-06M, for work done on the remand to this court, I award $2055.00 for 13.7 hours at $150 an hour plus the applicable gross receipts tax.

Expenses are also awarded to the Plaintiffs pursuant to 42 U.S.C. §1988.  The expenses listed on the three bills consist of a fee for a transcript of the hearing before the Rio Rancho Public

Schools Board of Education, transcripts of the hearings in front of District Court Judge Martha Vázquez, binding and copying expenses for the Answer Brief, mileage to and from Denver for the oral argument including a light rail ticket to the Courthouse, copies, postage and a telephone conference call charge. Defendant has made no objections to the expenses submitted by the Plaintiffs.

The transcripts of the hearings for the preliminary injunction in front of District Court Judge Martha Vázquez were necessary to enable the Plaintiffs to respond to the appeal of the grant of the preliminary injunction. But I do not find that the transcript of the hearing held on March 19, 2001 in front of the Defendant Rio Rancho Public Schools Board of Education was a necessary expense for this portion of the lawsuit. That hearing was an administrative appeal and not an expense incurred in the enforcement of Plaintiffs's civil rights' claim. Therefore, the $79.00 charge will not be allowed as part of the costs. Although I notice that the copying costs are high for this portion of the case, I am unable to determine whether they are unreasonable since I do not know how many copies Plaintiffs were making. In the future, expense requests should show the number of copies as well as the charge per page. The copying costs will be presently allowed as listed on the three bills.

Costs are awarded to the Plaintiffs as follows: for the bill dated May 22, 2002, Account No. 4004-03M, costs are awarded in the amount of $699.92 plus gross receipts tax if applicable; for the bill dated June 24, 2002, Account No. 4004-05M, costs are awarded in the amount of $42.00 plus gross receipts tax if applicable; and for the bill dated September 5, 2002, Account No. 4004-06M, costs are awarded in the amount of $73.90 plus gross receipts tax is applicable.

CONCLUSION

The Plaintiffs, Stephen and Mary Butler, as Parents and Next Friend of Joshua Butler, and as Appellees in the court above, are awarded attorneys' fees and travel costs in the amount of $9,090.00 because they are the prevailing parties in this portion of the lawsuit. Costs are also awarded in the amount of $815.82 to the Plaintiffs. Both attorneys' fees and costs are to be paid by the Defendant-Appellant Rio Rancho Public Schools Board of Education.

_____
SENIOR UNITED STATES JUDGE

This Amended Memorandum Opinion and Order is filed nunc pro tunc to November 22, 2002 per consented motion of the parties to correct a mathematical error in the computation of attorneys' fees on the first bill dated May 22, 2002.